UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIS WHEATLEY ASSOCIATION, NADIA SMALLEY,<br><br>                        Plaintiffs,<br><br>v.<br><br>JUDGE JOEL WOHLFEIL, et al.,<br><br>                        Defendants. | Case No.:  25cv1529-BEN (DDL)<br><br>**ORDER RE: APPLICATIONS TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(e) AND DISMISSING COMPLAINT** |

    The Phillis Wheatley Association, an unincorporated association, and Nadia Smalley, seek to file an action against Judge Joel Wohlfeil, David Gonzalez, County Assessor Division Chief, and Silvergate RSF.  The Plaintiffs assert claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First and Fourth Amendments, §123701(d) RTC, California Revenue and Tax Code §214 and 206.1, and R&T Code §501(c)(3).  No filing fee has been paid to the Clerk of Court.  Instead, the Plaintiffs have jointly filed an application to proceed *in forma pauperis* under 28 U.S.C. §1915.  The motion is denied.

"In enacting the federal *in forma pauperis* statute, Congress 'intended to guarantee that no *citizen* shall be denied an opportunity to commence, prosecute, or defend an action . . . solely because poverty makes it impossible to pay or secure the costs' of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (emphasis added). The application is presented in the names of both Plaintiffs, however only Nadia Smalley has signed the affidavit in support. The association has not signed the application or a supporting affidavit. Even if it had signed the application and the affidavit, the association would not be entitled to proceed without paying the court filing fee because the association is not a *citizen* entitled to the benefits of §1915. "Four contextual features indicate that 'person' in §1915(a) refers only to individuals." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993). Therefore, the application to proceed *in forma pauperis* is denied as to Plaintiff Phillis Wheatley Association.

Plaintiff Smalley has signed an affidavit identifying $911 that she receives monthly in the form of Social Security Disability Insurance. She also indicates her monthly expenses are $911 leaving nothing with which to pay the filing fees. Thus, Smalley is granted permission to proceed *in forma pauperis*.

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). "[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." In passing § 1915(e), Congress was well aware that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). *Denton* recognized that "the statute's instruction that an action may be

dismissed if the court is 'satisfied' that it is frivolous indicates that frivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition." *Id*. at 33.

In this case, Smalley advances various claims for relief belonging to what she describes as her church.[1] She seeks $400,000 in money damages and to "grant our church exemption." Smalley does not indicate whether the church is an informal association or a religious corporation. Regardless, Smalley is not permitted to represent her church in federal court proceedings, as a matter of law. *See* 28 U.S.C. §1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010) (citing *Rowland*, 506 U.S. at 201–202, noting that 28 U.S.C. § 1654 does not allow corporations, partnerships, or associations to appear in federal court other than through a licensed attorney)). This limitation is not new. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland*, 506 U.S. at 201-202. "[C]ourts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* at 202. "Therefore, while *pro se* litigants can represent themselves, they cannot represent corporations, companies or other artificial entities." *Dr. JKL Ltd.,* 749 F. Supp. 2d at

---

[1] For example: Claim A: "Judge Joel Wohlfeil disregarded our church tax exemption . . . .";
Claim B: "Our [church's] submitted exemption was intentionally delayed by the county assessor…." and "Church exemption 23701(d) RTC was not acknowledged by Judge Joel Wohlfeil….";
Claim B1: "The church's freedom of assembly was violated . . . .";
Claim B2: "Purposely disbanded the church without due process . . . .";
[no Claim C];
Claim D: "The County Assessor violated our rights as a church . . . .";
Claim E: "The County Assessor Division Chief David Gonzalez discriminated [sic] our Federal civil rights as a church . . . .";
Claim F: "Our church was discriminated against and our church's due process was not given . . . .";
Claim G: ". . . rendering a decision of vacant is a violation of the church's due process . . . ."

1046.  Given these circumstances, Smalley's lawsuit cannot be maintained because she is a *pro se* litigant attempting to assert -- not her own claims -- but claims on behalf of a church entity.   Therefore, the Court finds Smalley's Complaint must be dismissed as frivolous under §1915(e)(2).

### Conclusion

For these reasons, **IT IS HEREBY ORDERED** that:

1.  Plaintiff Phillis Wheatley Association's application to proceed *in forma pauperis* is DENIED.

2. Plaintiff's Nadia Smalley's application to proceed *in forma pauperis* is GRANTED.  Upon review under §1915(e)(2), Smalley may not represent a church or association.  Because Smalley advances only claims belonging to a church or association, the defect cannot be remedied by an amended pleading.  Therefore, the Complaint frivolous and is dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1127, n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

3. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

DATED: July 14, 2025

_____
Hon. Roger T. Benitez
United States District Judge

25cv1529